**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID KARLING, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| SAMSARA, INC., a Delaware corporation, | ) ) ) |
| Defendant. | ) ) ) |

**NOTICE OF REMOVAL**

Defendant Samsara Inc. ("Samsara") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

**I.     STATE COURT ACTION**

On December 16, 2021, Plaintiff David Karling ("Plaintiff") filed a putative class action complaint against Samsara in the Circuit Court of Cook County, Illinois, captioned *David Karling v. Samsara, Inc.,* No. 2021-CH-06258 (the "State Court Action"). (The Complaint is attached hereto as part of Exhibit 1.) The Complaint and summons were served upon Samsara on December 17, 2021. (The Summons and Service Confirmation are attached hereto as part of Ex. 1.) Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed in the State Court Action are attached hereto as Ex. 1. No substantive matters have been addressed in the State Court Action, nor have any motions been heard.

Plaintiff alleges that Samsara violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), by allegedly collecting the "facial geometry" of Plaintiff and the members of the putative class without providing written notice and obtaining a written release, in alleged violation of Section 15(b) of BIPA. (*See* Ex. 1, Compl. ¶¶ 6, 7, 23–25, 28, 29, 31, 35.) Plaintiff further alleges that Samsara failed to make publicly available a written policy establishing a retention schedule and guidelines for permanently destroying biometric data, and failed to actually adhere to that retention schedule and actually delete such data, in alleged violation of Section 15(a) of BIPA. (*See id.* ¶¶ 8, 28, 34, 54–55, 60.) Plaintiff also alleges that Samsara "profits" from his "biometrics" because "when it enters into contracts with its customers … it profits from being able to track Plaintiff's and similarly situated individuals' biometrics," in alleged violation of Section 15(c) of BIPA. (*Id.* ¶¶ 9, 30, 37, 79–80) Lastly, Plaintiff alleges that Samsara disseminated Plaintiff's biometrics to third parties, including Plaintiff's employer, in alleged violation of Section 15(d) of BIPA. (*See id.* ¶¶ 32, 88–89.) Based on those allegations, Plaintiff's Complaint includes four counts for alleged violations of BIPA, in both his individual and representative capacities. (*See id.* ¶¶ 60–61, 70–71, 80–81, 89–90.)

Plaintiff's proposed class includes "[a]ll individuals who, while present in the State of Illinois, had their biometric information and/or biometric identifiers, including their face geometry, collected, captured, transmitted, disseminated, stored or otherwise obtained by Defendant." (*Id.* ¶ 48.) In his prayer for relief, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief; (3) statutory damages; and (4) attorneys' fees and costs. (*See id.* ¶ 71.)

## II. GROUNDS FOR REMOVAL

### A. This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.

Section 1441(a) of the United States Code provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

Pursuant to Section 1332(d), removal of this action is proper because the district courts of the United States have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant ("minimal diversity"); and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2) and (5); *see also Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 547, 89 (2014) (noting that legislative history states that CAFA's "provisions should be read broadly.").[1]

As demonstrated below, all three conditions are met in this action, and therefore the action is removable under 28 U.S.C. § 1332(d).

#### 1. The putative class consists of 100 or more persons.

CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be

---

[1] By demonstrating that this matter is removable under 28 U.S.C. § 1332(d), Samsara does not waive, and expressly reserves, its arguments that there is no basis to certify a class in this matter.

3

brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). In the Complaint, Plaintiff seeks class certification pursuant to Illinois state law (*see* Ex. 1, Compl. ¶¶ 48–52), which permits "[a]n action [to] be maintained as a class action . . . if (1) [t]he class is so numerous that joinder of all members is impracticable[,] (2) [t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) [t]he representative parties will fairly and adequately protect the interest of the class[, and] (4) [t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801. These requirements are patterned after those of Federal Rule of Civil Procedure 23. *See Smith v. Illinois Cent. R.R. Co.*, 223 Ill.2d 441, 450 (Ill. 2006). 735 ILCS 5/2-801 therefore is a "similar State statute" under CAFA.

Plaintiff's proposed class of similarly situated individuals includes "[a]ll individuals who, while present in the State of Illinois, had their biometric information and/or biometric identifiers, including their face geometry, collected, captured, transmitted, disseminated, stored or otherwise obtained by Defendant." (Ex. 1, Compl. ¶ 48.) The proposed class is "believed to amount to hundreds of persons." (*Id.* ¶ 49.)

### 2. The parties are minimally diverse.

The parties in this action are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges that he is a citizen of Illinois. (Ex. 1, Compl. ¶ 10.) Samsara is a Delaware corporation with its headquarters in California. (*See id.* ¶ 11.) Samsara therefore is a citizen of the State of Delaware and the State of California for purposes of diversity jurisdiction. *See* U.S.C. §1332(c)(1) (providing that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been

incorporated and . . . where it has its principal place of business"). Therefore, the parties are minimally diverse under CAFA.

### 3. The amount in controversy exceeds $5,000,000.

CAFA jurisdiction requires the matter in controversy to exceed, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). BIPA provides that a Plaintiff may recover statutory liquidated damages of up to $1,000 for each negligent violation and $5,000 for each intentional or reckless violation. *See* 740 ILCS 14/20. Plaintiff alleges that Samsara willfully and/or recklessly committed at least four BIPA violations with respect to each class member and seeks $5,000 in statutory damages for each such alleged violation. (Ex. 1, Compl. ¶¶ 60–61, 70–71, 80–81, 89–90.) As noted above, the putative class in this case is believed to include "several hundred members." (Ex. 2 ¶ 49.) "Several hundred" denotes 300 or more proposed class members. *See Gates v. Eagle Foods Grp., LLC,* No. 20 C 6525, 2021 WL 1340805, at *3 (N.D. Ill. Apr. 9, 2021) (finding allegation of "several hundred" class members indicated "as few as 300.") Multiplying $5,000 by 4 and then by 300 equals $6,000,000. As such, the amount in controversy in this case exceeds the threshold requirement, giving the district courts of the United States jurisdiction over this matter. *See* 28 U.S.C. § 1332(d)(2); *see also, e.g., Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

### B. CAFA exceptions do not bar removal.

Sections 1332(d)(4), (d)(9), and 1453(d) of the United States Code list exclusions to removal jurisdiction. This action does not fall within those exclusions. Section 1332(d)(4) bars district courts from exercising jurisdiction over a class action when, among other things: "greater

than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Section 1332(d)(4)(B) similarly excludes from district court jurisdiction cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This action does not fall within the exclusions to removal jurisdiction described in these sections because, as demonstrated above, Samsara, the only defendant in this action, is a citizen of California and Delaware, and is not a citizen of Illinois. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").

The exceptions to CAFA removal jurisdiction in Sections 1332(d)(9) and 1453(d) apply to matters that arise under the Securities Act of 1933 or the Securities Exchange Act of 1934. 28 U.S.C. § 1332(d)(9); 28 U.S.C. § 1453(d). This action was not brought pursuant to either of those Acts, and therefore those exceptions do not apply.

### C. Venue is proper.

The Northern District of Illinois, Eastern Division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Cook County, where Plaintiff originally filed this action. *See* 28 U.S.C. § 1441(a).

### D. Samsara has satisfied all other requirements of the removal procedure.

This Notice of Removal is timely filed. Samsara was served with a copy of the Complaint and Summons on December 17, 2021, and Samsara filed and served this Notice of Removal within 30 days of service of the Complaint, in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ.

P. 6(a).[2] As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Samsara are being filed herewith as Ex. 1. Pursuant to 28 U.S.C. § 1446(d), Samsara will promptly serve on Plaintiff and file with the Circuit Court of Cook County a "Notice of Filing of Notice of Removal." Samsara will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

**III.    RESERVATION OF RIGHTS AND DEFENSES**

Samsara hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Samsara's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.")

---

[2] 30 days from December 17, 2021 fell on Sunday, January 16, 2022, and the courts were closed January 17, 2022 for Martin Luther King Jr. Day. Accordingly, the deadline for filing this notice of removal is the following business day, January 18, 2022.

WHEREFORE, Samsara hereby removes this action to this Court on the basis of the Court's original jurisdiction over the action under CAFA.

Dated: January 18, 2022

Respectfully submitted,

SAMSARA INC.

By: /s/ *David C. Layden*
    *One of its attorneys*

David C. Layden
Elena M. Olivieri
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
DLayden@jenner.com
EOlivieri@jenner.com

## **CERTIFICATE OF SERVICE**

I, David C. Layden, hereby certify that a true and correct copy of the foregoing Notice of Removal was served on the following counsel of record by electronic mail delivery on the 18th day of January, 2022:

>Gary M. Klinger
>MASON LIETZ & KLINGER LLP
>227 W. Monroe Street, Suite 2100
>Chicago, Illinois 60606
>Phone: 202-429-2290
>gklinger@masonllp.com
>
>Jason L. Lichtman
>Sean A. Petterson
>LIEFF CABRASER HEIMANN &
>BERNSTEIN LLP
>250 Hudson Street, 8th Floor
>New York, New York 10013
>Phone: 212-355-9500
>jlichtman@lchb.com
>spetterson@lchb.com

/s/ *David C. Layden*