# EXHIBIT 1

FILED DATE: 12/16/2021 12:20 PM  2021CH06258

**Chancery Division Civil Cover Sheet**
**General Chancery Section** (12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

DAVID KARLING, individually and on
behalf of himself all others similarly situated,

Plaintiff

v.

SAMSARA, INC., a Delaware corporation,

Defendant

Case No: _____

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ Administrative Review | | 0017 | ☐ Mandamus |
| 0001 | ☑ Class Action | | 0018 | ☐ Ne Exeat |
| 0002 | ☐ Declaratory Judgment | | 0019 | ☐ Partition |
| 0004 | ☐ Injunction | | 0020 | ☐ Quiet Title |
| | | | 0021 | ☐ Quo Warranto |
| 0007 | ☐ General Chancery | | 0022 | ☐ Redemption Rights |
| 0010 | ☐ Accounting | | 0023 | ☐ Reformation of a Contract |
| 0011 | ☐ Arbitration | | 0024 | ☐ Rescission of a Contract |
| 0012 | ☐ Certiorari | | 0025 | ☐ Specific Performance |
| 0013 | ☐ Dissolution of Corporation | | 0026 | ☐ Trust Construction |
| 0014 | ☐ Dissolution of Partnership | | 0050 | ☐ Internet Take Down Action (Compromising Images) |
| 0015 | ☐ Equitable Lien | | | |
| 0016 | ☐ Interpleader | | | ☐ Other (specify) _____ |

Cook County Code: 64550

◉ Atty. No.: 6303726      ○ Pro Se 99500

Atty Name: Gary M. Klinger

Atty. for: Plaintiff David Karling

Address: 227 W. Monroe Street, Suite 2100

City: Chicago     State: IL

Zip: 60606

Telephone: (202) 429-2290

Primary Email: gklinger@masonllp.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1

Hearing Date: 4/15/2022 9:03 AM
Location: Court Room 2508
Judge: Gamrath, Celia G

FILED DATE: 12/16/2021 12:20 PM 2021CH06258

FILED
12/16/2021 12:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06258
Calendar, 6
15983837

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

DAVID KARLING, individually and on
behalf of himself all others similarly situated,

      *Plaintiff,*

    v.

SAMSARA, INC., a Delaware corporation,

      *Defendant.*

Case No.   **2021CH06258**

## CLASS ACTION COMPLAINT

Plaintiff David Karling ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through his attorneys, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant Samsara, Inc. ("Samsara" or "Defendant"), and alleges on personal knowledge, due investigation of his counsel, and, where indicated, on information and belief as follows:

## NATURE OF THE ACTION

1.     Samsara is a technology company that provides facial recognition software and sensors to monitor and manage drivers of commercial fleets and industrial operations. Its business model relies on identifying and capturing the actions of its customers' drivers to monitor their fatigue and level of distraction by placing a camera on them. Its website says as much, when it states: "we rely on facial recognition information derived from images of drivers."[1]

2.     These actions violate BIPA which forbids Samsara from collecting, storing, and using Plaintiff's and other similarly situated individuals' biometric identifiers[2] and biometric

---

[1] https://www.samsara.com/support/privacy/special-features.

[2] "Biometric identifier" means "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

information[3] (collectively, "biometrics") without obtaining informed written consent or providing the requisite data retention and destruction policies.

3.　　Plaintiff did not provide any consent, let alone informed written consent, and Samsara does not appear to provide any of BIPA's requisite public-facing data retention and destruction policies.

4.　　The Illinois Legislature codified within BIPA that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

5.　　To protect the public from these risks and serve the "public welfare, security, and safety," 740 ILCS 14/5(g), the Illinois Legislature enacted BIPA.

6.　　Notwithstanding BIPA's straightforward requirements, Samsara disregards Plaintiff's and other similarly situated individuals' statutory rights when it obtains and possesses their information without informing them in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b).

7.　　Samsara further violates Plaintiff's and other similarly situated individuals' rights when it fails to inform them in writing of the specific purpose and length of term for which it would collect, store, and use the biometric identifiers and/or biometric information obtained from its devices that were used to recognize their faces. *See id.*

---

[3] "Biometric information" is "any information regardless of how it is captured, converted, stored or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10.

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

8.      Samsara also violates BIPA by failing, as a private entity that collects biometrics, to publicly publish its written retention schedules and guidelines for permanently destroying the biometrics it collected. *See* 740 ILCS 14/15(a).

9.      Finally, Samsara violates 740 ILCS 14/15(c) because when it enters into contracts with its customers—for example, transportation companies like Plaintiff's—it profits from being able to track Plaintiff's and similarly situated individuals' biometrics. *See* 740 ILCS 14/15(c).

## PARTIES

10.     Plaintiff is, and has been at all relevant times, a resident and citizen of Illinois.

11.     Defendant Samsara is a corporation organized and existing under the laws of the State of Delaware and is headquartered in the State of California.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over Samsara pursuant to 735 ILCS 5/2-209 because Samsara transacts in Illinois. Specifically, on information and belief, Samsara contracts with trucking companies like Plaintiff's employer to place monitoring system in their vehicles. Samsara also advertises its customer relationships with Illinois entities to whom it also provides the at-issue monitoring systems.

13.     Venue is proper in this Court pursuant to 735 ILCS 5/2-101(2) because this is the county in which the transaction, or some part thereof, occurred.

## FACTUAL BACKGROUND

**I.      The Illinois Biometric Information Privacy Act.**

14.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript,

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

2008 Reg. Sess. No. 276.

15.     BIPA protects biometric identifiers, which include retina and iris scans, voiceprints, fingerprints, scans of hand geometry, and—most importantly here—scans of face geometry. *See* 740 ILCS 14/10. It also protects biometric information, which is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id*.

16.     BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

17.     Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

18.     Section 15(c) of BIPA prohibits a private entity from "sell[ing], leas[ing], trad[ing], or otherwise profit[ing] from a person's or a customer's biometric identifier or biometric

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

information." 740 ILCS 14/15(c). Further, to disclose, redisclose, or otherwise disseminate biometric identifiers or biometric information, the entity must obtain the subject of the biometric identifier or biometric information's consent. 740 ILCS 14/15(d)(1).

19.     Altogether, BIPA protects individuals' biometric identifiers and biometric information by requiring private entities to follow certain prerequisites to obtain consent before they collect, send, transmit, or disclose the information.

## II.     Defendant Violates Illinois' Biometric Information Privacy Act.

20.     Defendant openly and intentionally violates BIPA when it, as part of its business model, sells to and equips commercial freight truck companies with a driver monitoring system that monitors drivers who may be exhibiting signs of exhaustion or distraction.

21.     Samsara's "AI Dash Cams" combine dash cam footage of drivers' faces and "advanced machine learning" to monitor drivers and focus on whether they are engaging in distracted driving, tailgating, rolling stops, or harsh driving.

22.     Upon information and belief, the "AI Dash Cams" transmit their footage to Samsara's Cloud Dashboard which is disclosed to its customers who can monitor their drivers by reviewing the footage.

23.     Upon information and belief, Defendant provides Samara-brand artificial intelligence dash-cams that use facial recognition technology to capture, collect, store, and use Plaintiff's and Class Members' biometric information—specifically their facial geometry. Samsara sells trucking companies, including Plaintiff's employer, internet-connected "AI Dash Cams" and related cloud-based software called the "Samsara Cloud Dashboard," which is hosted and maintained by Samsara. The AI Dash Cams include a feature called Camera ID, which is a facial recognition feature used to identify drivers.

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

24.     Upon information and belief, Samsara's cameras do not merely monitor drivers; they use facial recognition technology to capture, use, and transmit drivers' facial geometry. Samsara admits as much, stating on its website: "after identifying and assigning a driver 5-10 times to train the Camera ID, Samsara's dash cams will begin automatically recognizing and assigning their names with their faces with high accuracy."[4]

25.     Upon information and belief, When Samsara's AI Dash Cam performs facial recognition through its Dash Camera, the driver's facial geometry data is captured locally and is automatically sent via an Internet connection to Samsara's Cloud Dashboard software where it is stored. The facial geometry data is then available for immediate access by Samsara's software to perform facial recognition on the driver, including Plaintiff.

26.     Samsara claims that it works with 20,000 different businesses, its cameras have processed 38 billion minutes of video footage, and it collects 1.6 trillion data points yearly. Drivers employed by companies have their faces scanned by Samsara cameras and biometric data sent to Samsara who stores and analyzes the biometric information it collects.

27.     BIPA confers on Plaintiff and all other similarly situated drivers within Illinois a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment.

28.     Yet, Defendant never adequately informed Plaintiff or the Class of its biometric collection practices, never obtained the requisite written consent from Plaintiff or the Class regarding its biometric practices, and never provided any data retention or destruction policies to

---

[4] https://kb.samsara.com/hc/en-us/articles/360035261632-Using-Camera-ID-for-Assigning-Unassigned-Hours-Of-Service.

FILED DATE: 12/16/2021 12:20 PM    2021CH06258

Plaintiff or the Class.

29.    Through its biometric technology, Defendant captured, collected, and otherwise obtained the biometric identifiers or biometric information of Plaintiff and the Class Members.

30.    Through its contracts with its transportation-industry customers, Samsara profited from obtaining Plaintiff and Class Members' biometric identifiers and biometric information.

31.    With each facial recognition scan, Defendant receives biometric information in some medium or format in order to allow Defendant to provide services to Plaintiff's employer.

32.    Upon information and belief, after capturing and storing Plaintiff's biometric information, Defendant disseminated those biometrics to other third parties, including Plaintiff's employer.

33.    Samsara's actions violate BIPA in myriad ways.

34.    Specifically, Samsara violates Section 15(a) of BIPA because it does not, upon information and belief, make a written policy available to the public that establishes its retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.

35.    Further, Samsara violates Section 15(b) of BIPA because, through its technology and equipment, collected, it stored and used—without first providing notice, obtaining informed written consent or publishing data retention policies—the facial geometry and associated personally identifying information of Plaintiff and other Class Members.

36.    Through the scanning of drivers' faces with its facial recognition technology, Defendant collected the unique, permanent biometric identifiers and exposed drivers like Plaintiff to irreversible privacy risks. If Defendant's database of digitized facial geometry were to fall into the wrong hands, by data breach or otherwise, the individuals to whom these sensitive and

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

immutable biometric identifiers belong could have their identities stolen, among other serious issues.

37.     Further, Samsara violates Section 15(c) of BIPA because it profits from Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information when it enters into agreements with its customers to capture and then profit from its facial recognition scans.

### III.    Named Plaintiff's Allegations

38.     During the relevant time, Plaintiff Karling worked as a driver in Illinois for a commercial customer of Defendant, Lily Transportation.

39.     During his employment, Defendant, upon information and belief, extracted biometric identifiers from Plaintiff's face while he drove and sent them to the Samsara Cloud Dashboard to be stored. Thereafter, the Samsara Camera automatically performed a facial recognition of him to identify him by extracting biometric identifiers from his face again and comparing those biometric identifiers against the previously extracted and stored biometric identifiers for a match.

40.     In 2021, Plaintiff's employer installed an AI Dash Camera, provided by Samsara, to be installed in the truck Plaintiff operates.

41.     Thereafter, Plaintiff did and does operate a truck equipped with a Samsara AI Dash Camera and has done so for several months.

42.     Plaintiff's employer required him to use Samara's AI Dash Camera, which scanned, and continues to scan, Plaintiff's face geometry to identify him.

43.     Plaintiff never consented, agreed or gave permission—written or otherwise—to Defendant for the collection or storage of his unique biometric identifiers or biometric information.

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

44.     Further, Defendant never provided Plaintiff with, nor did he ever sign, a written release allowing Defendant to collect or store his unique biometric identifiers or biometric information.

45.     Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage, or use of his unique biometric identifiers or biometric information.

46.     By collecting Plaintiff's unique biometric identifiers or biometric information without his consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in his biometrics.

47.     Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying his biometric identifiers and biometric information.

## **CLASS ALLEGATIONS**

48.     **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who, while present in the State of Illinois, had their biometric information and/or biometric identifiers, including their face geometry, collected, captured, used, transmitted, disseminated, stored or otherwise obtained by Defendant.

49.     **Numerosity:** Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Class is substantial, believed to amount to hundreds of persons, particularly given Defendant's claims that it captured more than a trillion data points. It is, therefore, impractical to join each Class Member. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

50.     **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all Class Members, and that predominate over any questions affecting only individual Class Members. These common legal and factual questions do not vary across Class Members, and which may be determined without reference to the individual circumstances of any individual. They, include, but are not limited to:

(a) whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(b) whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e) whether Defendant used Plaintiff's and the Class's biometric identifiers or biometric information to identify them;

(f) whether Defendant sold, leased, traded, or profited from Plaintiff's and the Class's biometric identifiers or biometric information; and

(g) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

51.     **Adequate Representation:** Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of the Class. Neither Plaintiff nor his counsel has any interest adverse to, or in conflict

with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendant took.

52. **Appropriateness:** Pursuant to 735 ILCS 5/2-801(4), a class action is the appropriate method for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford to pursue individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class Member. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

### COUNT I – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE
### (ON BEHALF OF PLAINTIFF AND THE CLASS)

53. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention—and, importantly, deletion—policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention

FILED DATE: 12/16/2021 12:20 PM    2021CH06258

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

55.     Defendant failed to comply with these BIPA mandates.

56.     Because Defendant is a corporation, it is a "private entity" under BIPA. *See* 740 ILCS 14/10.

57.     Plaintiff is an individual who had his "biometric identifiers" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

58.     Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

59.     Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

60.     Upon information and belief, Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and has not and will not destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

61.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein pursuant to 740 ILCS 14/20(4); (3) liquidated damages of $5,000 for each intentional and/or reckless violation of BIPA

FILED DATE: 12/16/2021 12:20 PM    2021CH06258

pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT II – FOR DAMAGES AGAINST DEFENDANT**
**VIOLATION OF 740 ILCS 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION**
**(ON BEHALF OF PLAINTIFF AND THE CLASS)**

62.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

63.     BIPA requires companies to obtain informed written consent from persons before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . " 740 ILCS 14/15(b) (emphasis added).

64.     Defendant failed to comply with these BIPA mandates.

65.     Because Defendant is a corporation, it is a "private entity" under BIPA. *See* 740 ILCS 14/10.

66.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

67.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

68.     Defendant systematically and automatically collected, captured, used, and stored Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

69.     Defendant never informed Plaintiff, and never informed any Class Member, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

70.     By collecting, capturing, storing, and/or using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

71.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein pursuant to 740 ILCS 14/20(4); (3) liquidated damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### COUNT III – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(c) – BY PROFITING FROM PLAINTIFF'S AND CLASS MEMBERS' BIOMETRIC IDENTIFIERS OR INFORMATION
### (ON BEHALF OF PLAINTIFF AND THE CLASS)

72.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

73.     BIPA prohibits a private entity from "sell[ing], leas[ing], trad[ing], or otherwise profit[ing] from a person's or a customer's biometric identifier or biometric information." *See* 740 ILCS 14/15(c).

74.     Defendant fails to comply with this BIPA mandate.

75.     Because Defendant is a corporation, it is a "private entity" under BIPA. *See* 740 ILCS § 14/10.

76.     Plaintiff is an individual who had his "biometric identifiers" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

77.     Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

78.     Defendant possesses Plaintiff's and Class Members' biometric identifiers and/or biometric information.

79.     Defendant profits from Plaintiff's and Class Members' biometric identifiers and/or biometric information through its contracts with its customers.

80.     By profiting from Plaintiff's and Class Members' biometric identifiers and/or biometric information, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/10(c).

81.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein pursuant to 740 ILCS 14/20(4); (3) liquidated damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

$1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT IV – FOR DAMAGES AGAINST DEFENDANT**
**VIOLATION OF 740 ILCS 14/15(d) – BY DISCLOSING AND REDISCLOSING PLAINTIFF'S AND CLASS MEMBERS' BIOMETRIC IDENTIFIERS OR INFORMATION**
**(ON BEHALF OF PLAINTIFF AND THE CLASS)**

82.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

83.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

84.     Defendant fails to comply with this BIPA mandate.

85.     Because Defendant is a corporation, it is a "private entity" under BIPA. *See* 740 ILCS 14/10.

86.     Plaintiff is an individual who had his "biometric identifiers" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

87.     Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

88.     Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1).

89.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

90.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein pursuant to 740 ILCS 14/20(4); (3) liquidated damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff David Karling, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

B.     Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq*.;

C.     Awarding liquidated damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, liquidated damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

D.     Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E.     Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and

FILED DATE: 12/16/2021 12:20 PM    2021CH06258

other litigation expenses pursuant to 740 ILCS 14/20(3);

      F.      Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

      G.      Awarding such other and further relief as equity and justice may require.


Dated: December 16, 2021              Respectfully submitted,

                         **DAVID KARLING**,
                         individually and on behalf of all
                         others similarly situated

                         */s/ Gary M. Klinger*
                         Gary M. Klinger (IL Bar No. 6303726)
                         **MASON LIETZ & KLINGER LLP**
                         227 W. Monroe Street, Suite 2100
                         Chicago, Illinois 60606
                         Phone: 202-429-2290
                         gklinger@masonllp.com

                         Jason L. Lichtman (IL Bar #6290052)
                         Sean A. Petterson *(pro hac vice forthcoming)*
                         **LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
                         250 Hudson Street, 8th Floor
                         New York, New York 10013
                         Phone: 212-355-9500
                         jlichtman@lchb.com
                         spetterson@lchb.com

                         *Attorneys for Plaintiff and the Proposed Class*

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

FILED DATE: 12/16/2021 3:25 PM   2021CH06258

FILED
12/16/2021 3:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06258
Calendar, 6
15989616

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

DAVID KARLING, individually and on
behalf of himself all others similarly situated,

    *Plaintiff,*

  v.

SAMSARA, INC., a Delaware corporation,

    *Defendant.*

Case No. 2021CH06258

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**[1]

   Plaintiff, David Karling, individually and on behalf of all other persons similarly situated

(collectively, "Plaintiff"), by and through his undersigned attorneys, respectfully move this Court,

pursuant to 735 ILCS 5/2-801, *et seq.*, for an Order certifying this litigation as a class action on

behalf of the following Class:

> All individuals who, while present in the State of Illinois, had their
> biometric information and/or biometric identifiers, including their face
> geometry, collected, captured, used, transmitted, disseminated, stored or
> otherwise obtained by Defendant (the "Class").

   Plaintiff hereby reserves the right to amend the definition of the Class if discovery or

further investigation reveals that the Class should be expanded or otherwise modified.

   Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff

can prove the elements of his claims on a class-wide basis using the same evidence as would be

used to prove those elements in individual actions alleging the same claims.

---

[1] Plaintiff requests that the Court delay its ruling on this Motion until the parties have had an
opportunity to complete the discovery process and fully brief this issue. Plaintiff is filing this
Motion in light of the Illinois Supreme Court's opinion in *Ballard RN Ctr., Inc. v. Kohll's Pharm.
& Homecare, Inc.*, 2015 IL 118644. In *Ballard RN Ctr.*, the Illinois Supreme Court found that a
motion for class certification which "identified [the] defendant, the applicable date or dates, and
the general outline of plaintiff's class action allegations" was sufficient to overcome mootness
efforts by defendant to defeat the case in question. *Id.* at *19.

FILED DATE: 12/16/2021 3:25 PM    2021CH06258

In support of his Motion,[2] Plaintiff state as follows:

**1.     Introduction.** This is a class action lawsuit through which Plaintiff, individually and on behalf of the Class described herein, seeks damages from Defendant Samsara, Inc. ("Defendant") for its alleged violations of the Illinois Biometric Privacy Act, 740 ILCS 14/1, *et seq.*, in connection with its collection, storage, and usage of Class Members' facial geometry.

This case satisfies each elements of 735 ILCS 5/2-801, *et seq.*: (1) numerosity; (2) commonality; (3) adequacy; and (4) appropriateness.

**2.     Numerosity** – 735 ILCS 5/2-801(1). Numerosity is satisfied where "joinder of all members is impracticable." "Although there is no magic number of class members for numerosity purposes, case law indicates that when a class numbers at least 40, joinder will be considered impracticable." *Hernandez v. Gatto Indus. Platers*, 2009 U.S. Dist. LEXIS 36023, at *6 (N.D. Ill. Apr. 28, 2009).[3] Here, as alleged in the Complaint, the exact number of Class Members is known only to Defendant, but in the absence of any discovery to date, that the number is believed to be at least in the hundreds. Compl. ¶ 49.

**3.**     **Commonality** – 735 ILCS 5/2-801(2). Commonality is satisfied where "common questions [of law or fact] predominate over any questions affecting only individual members." "To satisfy this predominance requirement, a plaintiff must necessarily show that successful

---

[2] Upon presentment of this Motion for Class Certification to the Court, Plaintiff will request a briefing schedule that will include, among other things, a deadline by which to file the opening memorandum of law in support thereof after sufficient discovery has been allowed. In *Ballard RN Ctr.*, the Illinois Supreme Court stated that "when additional discovery or further development of the factual basis is necessary . . . those matters will be left to the discretion of the trial court." *Id.* at *24.

[3] "Section 2-801 of the Code, which is patterned after Rule 23 of the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a class action. Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Uesco Indus. v. Poolman of Wis., Inc.*, 2013 IL App (1st) 112566, ¶ 45 (internal quotation marks and citations omitted).

adjudication of the class representative's individual claim will establish a right of recovery in other class members. A favorable judgment for the class should decisively resolve the whole controversy, and all that should remain is for other class members to file proof of their claim." *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 33 (internal quotation marks and citations omitted).

As alleged in the Complaint, Defendant engaged in a common course of conduct that was nearly identical for every putative member of the Class. Similar injury is involved for every potential Class member in the form of unlawfully collecting, using, and storing their biometric information.

Here, the common questions of law or fact include, among others:

(a) whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(b) whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e) whether Defendant used Plaintiff's and the Class's biometric identifiers or biometric information to identify them;

(f) whether Defendant sold, leased, traded, or profited from Plaintiff's and the Class's biometric identifiers or biometric information; and

(g) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

Compl. ¶ 50.

FILED DATE: 12/16/2021 3:25 PM    2021CH06258

The uniform nature of Defendant's conduct to the Plaintiff and all members of the alleged Class establishes commonality. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner towards an entire class." *P.J.'s Concrete Pumping Serv. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1003 (2004) (citation omitted).

4.      **Adequacy** – 735 ILCS 5/2-801(3). Adequacy is satisfied where the "representative parties will fairly and adequately protect the interest of the class."

> The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined.

*P.J.'s Concrete Pumping Serv.*, 345 Ill. App. 3d at 1004 (citations omitted).

Plaintiff has no interests antagonistic to the interests of absent Class members, and Plaintiff has retained counsel that is qualified, experienced, and generally able to conduct the proposed litigation. Compl. ¶ 51.

5.      **Appropriateness** – 735 ILCS 5/2-801(4). Appropriateness is satisfied where the "class action is an appropriate method for the fair and efficient adjudication of the controversy." Further,

> In deciding whether the fourth requirement for class certification is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled. Also, class actions are often the last barricade of consumer protection. Consumer class actions provide restitution to the injured and deterrence to the wrongdoer, thus attaining the ends of equity and justice.

*Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 679 (2006) (citations omitted).

Here, where there are at least hundreds of potential consumer Class Members, each seeking small recoveries pursuant to claims that cannot be efficiently litigated separately, a class action is

clearly the appropriate vehicle to litigate this action in order to secure economies of time, effort and expense for both the Court and the parties. Compl. ¶ 52.

WHEREFORE, Plaintiff respectfully requests that this Court, after allowing the parties an opportunity to complete the discovery process and fully brief the issues raised by this Motion, enter an Order: (1) certifying this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, (2) appointing Plaintiff as representative of the Class; and (3) appointing Plaintiff's attorneys as Class Counsel.

Dated: December 16, 2021

Respectfully submitted,

**DAVID KARLING**,
individually and on behalf of all
others similarly situated

*/s/ Gary M. Klinger*
Gary M. Klinger (IL Bar No. 6303726)
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Phone: 202-429-2290
Fax: (202) 429-2294
gklinger@masonllp.com

Jason L. Lichtman (IL Bar #6290052)
Sean A. Petterson *(pro hac vice*
forthcoming)
**LIEFF CABRASER HEIMANN &
BERNSTEIN LLP**
250 Hudson Street, 8th Floor
New York, New York 10013
Phone: 212-355-9500
jlichtman@lchb.com
spetterson@lchb.com

*Attorneys for Plaintiff and the Proposed
Class*

FILED DATE: 12/16/2021 3:25 PM 2021CH06258

FILED DATE: 12/16/2021 3:25 PM    2021CH06258

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2021, I electronically filed the foregoing document with the Clerk of this Court using Illinois' online e-filing portal.

*/s/ Gary M. Klinger*

Gary M. Klinger (IL Bar No. 6303726)
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Phone: 202-429-2290
Fax: (202) 429-2294
gklinger@masonllp.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

**David Karling, individually and on behalf of himself all others similarly situated**

        Plaintiff

        *vs.*

**Samsara, Inc., a Delaware corporation**

        Defendant

Case No.: 2021CH06258

FILED
1/12/2022 10:52 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06258
16264437

FILED DATE: 1/12/2022 10:52 AM    2021CH06258

## **AFFIDAVIT OF SERVICE**

I, Adam Golden, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Summons, Civil Cover Sheet, Class Action Complaint, and Plaintiff's Motion for Class Certification in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this action.

That on 12/17/2021 at 1:10 PM, I served Samsara, Inc. c/o The Corporation Trust Company, Registered Agent at 1209 Orange Street, Wilmington, Delaware 19801 with the Summons, Civil Cover Sheet, Class Action Complaint, and Plaintiff's Motion for Class Certification by serving Robin Hutt-Banks, Agent, authorized to accept service on behalf of The Corporation Trust Company.

Robin Hutt-Banks is described herein as:

Gender: Female   Race/Skin: Black   Age: 55   Weight: 150   Height: 5'7"   Hair: Black   Glasses: Yes

I declare under penalty of perjury that this information is true and correct.

Sworn to before me on December 21, 2021

_____
Notary Public
My Commission Expires:

_____
Adam Golden

Client Ref Number:2006-044
Job #: 1597213

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

FILED DATE: 1/12/2022 10:52 AM   2021CH06258

Hearing Date: 4/15/2022 9:15 AM
Location: Court Room 2508
Judge: Gamrath, Celia G

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only FILED 12/16/2021 12:20 PM IRIS Y. MARTINEZ CIRCUIT CLERK COOK COUNTY, IL 2021CH06258 Calendar, 6 15983837 |
|---|---|---|

**COOK** COUNTY

| Instructions ▾ | | |
|---|---|---|
| Enter above the county name where the case was filed. | DAVID KARLING, individually and on behalf of himself all others similarly situated, | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | **2021CH06258** |
| Enter the Case Number given by the Circuit Clerk. | SAMSARA, INC., a Delaware corporation, **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** **Information about the lawsuit:** Amount claimed:  $ 50,000 or greater |
|---|---|
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:** David Karling Name *(First, Middle, Last):*  Gary M. Klinger Street Address, Apt #:  227 W. Monroe Street, Suite 2100 City, State, ZIP:  Chicago, IL 60606 Telephone:  (202) 429-2290 See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:** Samsara, Inc. Name *(First, Middle, Last):* c/o The Corporation Trust Company Street Address, Apt #:  Corporation Trust Center, 1209 Orange Street City, State, ZIP:  Wilmington, DE 19801 Telephone:  (302) 658-7581 See attached for additional Defendant/Respondent contact information |

| **Important Information for the person receiving this form:** | You have been sued. Follow the instructions on the next page on how to appear/answer. <br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking. <br>• Your written appearance/answer must be filed on time and in the proper form. <br>• Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp <br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.* You should read all of the documents attached. |
|---|---|

SU-S 1503.1                    Page 1 of 4                    (09/18)

Hearing Date: 4/15/2022 9:15 AM
Location: Court Room 2508
Judge: Gamrath, Celia G

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

FILED DATE: 12/16/2021 12:20 PM  2021CH06258

| **STATE OF ILLINOIS, CIRCUIT COURT** | **SUMMONS** | *For Court Use Only* <br> FILED <br> 12/16/2021 12:20 PM <br> IRIS Y. MARTINEZ <br> CIRCUIT CLERK <br> COOK COUNTY, IL <br> 2021CH06258 <br> Calendar, 6 <br> 15983837 |
|---|---|---|

**COOK** COUNTY

**Instructions ▼**

| Enter above the county name where the case was filed. | DAVID KARLING, individually and on behalf of himself all others similarly situated, | |
|---|---|---|
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | **2021CH06258** |
| Enter the Case Number given by the Circuit Clerk. | SAMSARA, INC., a Delaware corporation, <br> **Defendant / Respondent**  *(First, middle, last name)* | **Case Number** |

| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** **Information about the lawsuit:** <br> Amount claimed:   $ 50,000 or greater |
|---|---|
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:** David Karling <br> Name *(First, Middle, Last):*  Gary M. Klinger <br> Street Address, Apt #:  227 W. Monroe Street, Suite 2100 <br> City, State, ZIP:  Chicago, IL 60606 <br> Telephone:  (202) 429-2290 <br> See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:** Samsara, Inc. <br> Name *(First, Middle, Last):* c/o The Corporation Trust Company <br> Street Address, Apt #:   Corporation Trust Center, 1209 Orange Street <br> City, State, ZIP:   Wilmington, DE 19801 <br> Telephone:  (302) 658-7581 <br> See attached for additional Defendant/Respondent contact information |

| **Important Information for the person receiving this form:** | You have been sued. <br><br> Follow the instructions on the next page on how to appear/answer. <br><br> • If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking. <br><br> • Your written appearance/answer must be filed on time and in the proper form. <br><br> • Forms for a written appearance/answer are available here: <br> http://www.illinoiscourts.gov/forms/approved/default.asp <br><br> If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees*. <br><br> You should read all of the documents attached. |
|---|---|

Enter the Case Number given by the Circuit Clerk: _____

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

| | |
|---|---|
| In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response. | **4.**   **Instructions for person receiving this form (Defendant/Respondent):** |

To respond to this *Summons* you must:

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address:   Richard J. Daley Center, 50 W. Washington Street

City, State, ZIP:   Chicago, IL 60602

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date:** 12/16/2021 12:20 PM IRIS Y. MARTINEZ _____ *Seal of Court* **Clerk of the Court:** |

| | |
|---|---|
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.** Date of Service: _____ *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

| STATE OF ILLINOIS, CIRCUIT COURT _____ COUNTY | **AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent**  *(First, middle, last name)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| **DO NOT** complete this section. The sheriff will complete it. | **My name is** _____ **and I swear under oath** |
|---|---|

*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**

*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

Male: ☐   Female: ☐   Approx. Age: _____   Hair Color: _____

Height: _____   Weight: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐ At the Defendant/Respondent's home:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

And left it with: _____

*First, Middle, Last*

Male: ☐   Female: ☐   Approx. Age: _____

and by sending a copy to this defendant in a postage-paid, sealed envelope to the

above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____

*First, Middle, Last*

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

**DO NOT** complete this section. The sheriff, or private process server will complete it.

**By:**

_____
*Signature*

_____
*Print Name*

**FEES**

By certified/registered    $ _____

Service and Return    $ _____

Miles: _____    $ _____

Total    $ _____

FILED DATE: 12/16/2021 12:20 PM   2021CH06258

Print Form        Save Form        Reset Form