IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID KARLING, *individually and on behalf all others similarly situated*, | ) ) ) |
| Plaintiff, | ) Case No. 1:22-cv-00295 ) ) Hon. Sara L. Ellis |
| v. | ) ) |
| SAMSARA INC., *a Delaware Corporation*, | ) ) ) |
| Defendant. | ) ) ) |

**UNOPPOSED MOTION FOR LEAVE TO FILE
SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff David Karling ("Plaintiff") respectfully requests relief from the scheduling order and leave, pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure, to file a Second Amended Complaint for the purpose of removing allegations pertaining to former Plaintiff James Burgin and Defendant Samsara Inc.'s ("Samsara") Distracted Driving Detection ("DDD") feature. Because the deadline for amending the pleadings was October 16, 2023, Dkt. 65, Plaintiff seeks relief from the scheduling order in order to file the proposed Second Amended Complaint.

Plaintiff can meet the "good cause" standard of Rule 16(b) for several reasons. As the Court is aware, it granted Plaintiff Burgin's motion to withdraw and dismissed him from the case. Dkt. 136. Likewise, Plaintiff Karling previously informed Samsara and the Court that he "will not be pursuing claims about the DDD feature: Samsara has produced evidence to persuade Plaintiffs that DDD, quite unlike the primary feature at issue in the litigation (Camera ID), does not collect biometric information." Dkt. 135, at 4 n.4. Plaintiff therefore seeks to file an amended

complaint that removes the paragraphs specific to former Plaintiff Burgin and the DDD feature. The proposed Second Amended Complaint does not make any further substantive edits, add parties, add allegations, or add causes of action. *See* Ex. A (proposed Second Amended Complaint).

Defendant will suffer no prejudice from this amendment. In fact, Defendant does not oppose this motion and has indicated to Plaintiff that it will not move to dismiss the Second Amended Complaint and will not make substantive changes between its Answer and Defenses to Plaintiffs' First Amended Complaint, Dkt. 95, and its answer to the proposed Second Amended Complaint. Further, the proposed Second Amended Complaint adds no new claims, nor expands the scope of the certified class. In addition, discovery is ongoing and Plaintiff does not foresee the need for, and does not seek, any changes to the case schedule as a result of filing this narrowed complaint.

For these reasons, Plaintiff respectfully requests that the Court grant relief from the scheduling order and leave for Plaintiff to file a Second Amended Complaint.

## I. FACTUAL BACKGROUND

On July 11, 2022, the Court denied Defendant's motion to dismiss Plaintiff Karling's original complaint. Dkt. 25. On August 2, 2022, Defendant answered Plaintiff Karling's complaint. Dkt. 26. On August 3, 3023, the Court granted the parties' motion for an extension of time and set a deadline of October 15, 2023 for the parties to amend pleadings or add parties. Dkt. 65.

On October 16, 2023,[1] Plaintiffs David Karling and James Burgin filed their First Amended Complaint. Dkt. 76. On November 17, 2023, Samsara answered the First Amended Complaint. Dkt. 94. Thereafter, the Parties have continued to take discovery, and the current deadline for the close of fact discovery is September 30, 2024. Dkt. 143.

On April 29, 2024, the Court granted Plaintiff James Burgin's motion to withdraw, Dkt. 136, and in Plaintiff Burgin's reply in support of the motion to withdraw, Plaintiff's Counsel wrote: that they had "informed Samsara earlier this week that Plaintiffs will not be pursuing claims about the DDD feature: Samsara has produced evidence to persuade Plaintiffs that DDD, quite unlike the primary feature at issue in the litigation (Camera ID), does not collect biometric information." Dkt. 135, at 4 n.4

## II.      LEAVE TO FILE THE AMENDED COMPLAINT IS APPROPRIATE

Rule 15(a)(2) mandates that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This is a "liberal standard that the Supreme Court has held 'to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend.'" *Livingston v. City of Chicago*, 2020 WL 91274, at *2 (N.D. Ill. Jan. 7, 2020) (Ellis, J.) (*quoting Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015)). Additionally, because the deadline to file amended pleadings has passed, Plaintiff must also satisfy the requirements of Rule 16(b)(4) which only permits modifying the scheduling order "for good cause and with the judge's consent." *See Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (district court is "entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the

---

[1] Because October 15, 2023 fell on a Sunday, the deadline to amend the pleadings was October 16, 2023, pursuant to Fed. R. Civ. P. 6(a)(1)(C).

requirements of Rule 15(a)(2) were satisfied") (*quoting Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). In considering whether good cause exists, the Court "primarily considers the diligence of the party seeking amendment." *Beverly v. Abbott Labs.*, 2020 WL 10486004, at *1 (N.D. Ill. Sept. 28, 2020) (Ellis, J.) (*quoting Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 443 (7th Cir. 2005)).

      Here, Plaintiff was diligent in seeking amendment. Discovery is not yet closed and the Court only recently dismissed Mr. Burgin from the case and Plaintiff was only recently persuaded through discovery that DDD does not collect biometric information. Further, Plaintiff demonstrated his diligence by sharing the proposed redline changes to the Second Amended Complaint with Defendant to confirm the Parties' agreement to remove allegations related to Plaintiff Burgin and DDD. *See* Ex. B (redline comparing FAC to SAC). While Defendant is not the primary consideration in seeking to amend the complaint after the deadline, there is no prejudice in this case, and, indeed, Defendant does not oppose this motion. Along those lines, finally, the narrowed complaint will not affect any existing case deadlines. No additional discovery needs to occur.

      Thus, Plaintiff respectfully submits that he meets the requirements of Rules 15(a) and 16(b)(4). As such, Plaintiff requests that the Court grant relief from the case schedule and leave for Plaintiff to file the Second Amended Complaint.

| | |
|---|---|
| Dated: August 22, 2024 | Respectfully submitted, |
| | **DAVID KARLING,**<br>individually and on behalf of all<br>others similarly situated |

4

*/s/ Sean A. Petterson*
Gary M. Klinger (IL Bar No. 6303726)
Alexander E. Wolf
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
866.252.0878
gklinger@milberg.com

Jason L. Lichtman (IL Bar #6290052)
Sean A. Petterson (*pro hac vice*)
Muriel Kenfield-Kelleher (IL Bar #6339202)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
250 Hudson Street, 8th Floor
New York, New York 10013
212.355.9500

*Attorneys for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on August 22, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Sean A. Petterson*
Sean A. Petterson
